JERRY SCHULTE *et al.*, d/b/a Contractor's Appliance and Supply Company, Plaintiffs and Counterdefendants-Appellants, v. CHARLES BURCH, Defendant and Counterplaintiff-Appellee.

Fourth District No. 4—86—0319

Opinion filed December 31, 1986.

Donald J. Weyerich and Stephen M. Prosperi, both of LaTourette, Weyerich, Schlueter & Byrne, of Clayton, Missouri, for appellants.

John L. McMullin and Richard M. Zalasky, both of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On September 20, 1984, plaintiffs, Jerry Schulte and Stephen Schulte, filed suit in the circuit court of Calhoun County against defendant, Charles Burch, seeking damages for alleged legal malpractice. On October 11, 1984, defendant answered, admitting some of the allegations and denying others. On December 28, 1984, defendant counterclaimed, and on January 9, 1985, plaintiffs answered the counterclaim. On February 5, 1986, defendant filed a motion for summary judgment as to the complaint, together with supporting documents. On April 8, 1986, the court allowed defendant's motion to convert his motion for summary judgment to a motion for involuntary dismissal under section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—619). The court then allowed that motion and dismissed the complaint. On June 18, 1986, the court made a finding pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)), making the judgment of dismissal appealable. Plaintiffs have appealed. We modify the judgment and, as modified, affirm.

Plaintiffs' complaint alleged: (1) plaintiffs do business together as Contractor's Appliance and Supply Company; (2) on or about July 7, 1980, plaintiffs sought the services of defendant, who was an attorney, against a subcontractor whom they had supplied and the subcontractor's general contractor; (3) the defendant agreed to represent them in the foregoing matter; (4) the supplies had been furnished for and were utilized in the construction of the State Community College

334

Skill Training Center in East St. Louis being constructed by the aforesaid general contractor; (5) defendant failed to file a suit for mechanics' lien foreclosure within the 90-day period after giving notice of claim as required by statute for the perfection of mechanics' lien against State boards (Ill. Rev. Stat. 1979, ch. 82, par. 23); (6) defendant failed to inform plaintiffs of the need for such filing; (7) defendant failed to timely file a claim or civil action on the bond of the general contractor; (8) defendant failed to notify plaintiffs of the need for such filing in order to preserve rights on that bond; and (9) plaintiffs were damaged by the foregoing failures.

The thrust of the motion for summary judgment was that the malpractice action was premature because, at the time defendants withdrew his representation of plaintiffs, they had not exhausted all methods of recovery in full for the materials furnished. Defendant's theory is derived from the decision in *Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 475 N.E.2d 1035. There, the plaintiff was a State employee injured in a motor-vehicle collision while working in the course of her employment. She sued the driver of another vehicle involved in the collision seeking to recover for her injuries. That driver was an employee of the Board of Trustees of the University of Illinois who was also working in the course of his employment. The plaintiff joined a former attorney as a party defendant, alleging that he had committed malpractice for failing to timely file a claim with the Court of Claims against the defendant's employer. The circuit court dismissed the complaint as to both defendants. That court ruled that no cause of action was stated against the other driver because both the plaintiff and the driver were employees of the same employer operating in the course of their employment and were barred from suing each other for tort thus occurring based on the fellow-servant rule of section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a)).

On review, the *Bartholomew* court reversed the dismissal of the negligence counts, holding that the State and the Board of Trustees of the University of Illinois were sufficiently different entitles to negate operation of section 5(a) of the Workers' Compensation Act. However, that court affirmed the dismissal of the malpractice count. The court deemed the malpractice charge to be premature because damage would not occur to the plaintiff-employee from the failure to file in the Court of Claims unless and until she was unable to receive full compensation for her injuries in her revived common law action.

■ Defendant contends that the record conclusively shows that at the time he turned his file over to plaintiffs' present attorneys and

withdrew from their representation, plaintiffs had valid causes of action against (1) the subcontractor to whom the materials were sold, (2) the general contractor, and (3) the surety on his labor and material payment bond. Both section 2—1005 (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005), providing for a summary judgment, which defendant sought, and section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), providing for an involuntary dismissal based on affirmative matter, which defendant ultimately gained, require that the factual matters in support thereof be shown by affidavit, pleading, deposition, or admission. Many of the items defendant relies upon in support of his motion are not supported by any of the above. Rather, various letters and other documents are attached to unverified motions or memoranda. However, as neither party makes objection to this deficiency, we treat it as being waived.

■ As far as the cause of action against the subcontractor who purchased the materials is concerned, the record shows that three or four months after defendant was discharged, plaintiffs filed suit against the subcontractor but were not able to obtain service on him. Despite reasonably diligent efforts, the subcontractor has not been located for service of process. We recognize that, in assessing the damage inflicted by legal malpractice, prime consideration must be given to the situation in which the client was placed at the time of the termination of the legal services. (See *Brainerd v. Kates* (1979), 68 Ill. App. 3d 781, 386 N.E.2d 586.) However, on this record we cannot find that a conclusive showing has been made that plaintiffs were left with a viable cause of action against the subcontractor.

The question of the evidence of a cause of action against the general contractor and its surety is somewhat more complicated. That bond required that no right of action would exist thereon in favor of a party unless that party filed "a *verified* notice of such claim with the Obligee within 180 days" after the furnishing of the last item of material. (Emphasis added.) Attached to defendant's unverified memorandum supporting his request for summary judgment is a purported copy of a letter dated June 4, 1980, from Stephen S. Schulte to the surety on the contractor's bond advising that the subcontractor was $36,124.25 in arrears on payments owed for materials furnished on the contract. The memorandum asserts that this letter was sent to the surety, receipt thereof was acknowledged by letter on June 6, 1980, and on that date, one of the plaintiffs hand-delivered a letter to the general contractor. Documents which would appear to be the letters of June 6, 1980, from the surety to Stephen S. Schulte and from Stephen S. Schulte to the general contractor were attached.

■ Decision in this case has been made difficult because of the informal way in which it was presented on appeal. However, the *Bartholomew* court recognized that the plaintiff there might not be able to recover on her common law action but deemed the malpractice suit to be premature until that issue was decided. Here, significantly, the contractor's bond states that no defect in the notice of claim involved shall deprive a claimant of right of action "unless it shall affirmatively appear that such defect has prejudiced the rights of an interested party asserting the same." Because of this provision, we conclude that the cause of action on the bond here is no more contingent than that in *Bartholomew*. Accordingly, following that precedent, here, as there, the malpractice action is premature as a matter of law.

■ The *Bartholomew* court indicated that the plaintiff's cause of action would become ripe if she lost the common law action. Such would also be the case here if the cause of action on the bond is lost. Plaintiffs have argued in the alternative that if the dismissal is upheld, the judgment should expressly reflect the fact that the judgment is not intended to bar an action if such an action ripens. That may be the reason that the procedure was changed from that for summary judgment to one for an involuntary dismissal. In any event, we hold that the judgment here must be amended. Defendant objects because plaintiffs did not raise this issue in the trial court. However, they did not in any way consent to the judgment that was entered. We deem fairness to require amendment pursuant to Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)).

Accordingly, the final sentence of the judgment appealed, which states, "Cause dismissed pursuant to ch. 110 section 2—619," to state "Cause dismissed pursuant to section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) as premature and without prejudice to refiling if such cause of action should ripen."

Judgment modified and, as modified, affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.