1-05-3043
1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

THE ESTATE OF WILLIAM BASS, DECEASED, and by and )
through its Independent Coexecutor EDWARD BASS; )
EDWARD BASS, Individually; LYLE B. STREICHER; and )
NORTHWESTERN MEDICAL FACULTY FOUNDATION, )
INC., )
                                                  )
                Plaintiffs-Appellees and Cross-Appellants,  )   Appeal from the Circuit
                                                  )   Court of Cook County,
v.                                                )   Law Division.
                                                  )
MELVIN L. KATTEN; KATTEN MUCHIN ZAVIS             )
ROSENMAN, a Professional Corporation; LIZABETH N. )
HORN, LINDA L. MILLER; HARVEY M. SILETS; DAVID M. )   No. 04 L 4640
KUSHNIR; DELOITTE TOUCHE, L.L.P.; PAUL ANGLIN;    )
JAMES JACOBSON, GRIFFITH & JACOBSON;              )
MARC H. SCHWARTZ; LASER POKORNY, SCHWARTZ         )
FRIEDMAN & ECONOMOS; VEDDER, PRICE,               )   Hon. Donald J. O'Brien,
KAUFMAN & KAMMHOLZ; IGOR POTYM; VINCENT A.F.      )   Judge Presiding
SERGI, P.C.; KRISTIN J. ACHTERHOF; JAMES CRAIG    )
ANDERSON; NICOLE NEHAMA AUERBACH; STEVEN F.       )
BANGHART; SHELDON I. BANOFF, P.C.; STEVEN L.      )
BASHWINER, P.C.; JONATHAN K. BAUM; ALAN M.        )
BERRY, P.C.; VICTOR H. BEZMAN, P.C.; CRAIG C.     )
BRADLEY; ROBERT J. BRANTMAN; JAMES M. BROEKING; )
EDWIN E. BROOKS, MATHEW S. BROWN; DAVID J.        )
BRYANT; JAMES A. BURNS, JR.; MICHAEL R.           )
CALLAHAN; DAWN M. CANTY; JANE J. CHOI; DAVID      )
W. CLOUGH; STEVIE D. CONLON; TANYA L. CURTIS;     )
THERESA L. DAVIS; W. KENNETH DAVIS, JR.; DAVID R. )
DLUGIE; LEAH J. DOMITROVIC; WILLIAM M. DOYLE, JR.; )
DAVID M. DUNBAR, JEFFREY L. ELEGANT; JONATHAN S.  )
FELD; LEONARD A. FERBER; KURT W. FLORIAN, JR.;    )
GARY J. FOX; RENEE M. FRIEDMAN; FERDINAND J.      )

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068, 1-05-3118 (cons.)

GALLO, III; JAMES M. GECKER; SCOTT MICHAEL )
GETTLESON; RENE GHANDIMI; RICHARD E. GINSBERG; )
BASIL V. GODELLAS; SUSAN L. GOLDENBERG; JULIE L. )
GOTTSHALL; STUART E. GRASS; BRYAN J. GREEN; )
LEWIS GREENBAUM; RUSSELL E. GREENBLATT, P.C.; )
ARTHUR W. HAHN; PATRICIA M. HANSON; MEGAN )
HARDIMAN; CHARLES HARRIS; MICHAEL O. HARTZ; )
ROBIN HEISS; TED S. HELWIG; MARY ELLEN HENNESSY; )
AMY A. HIJJAWI; JANET GOELZ HOFFMAN; LINDA )
LEMEL HOSEMAN; KENNETH M. JACOBSON; TARA GOFF )
KAMRADT; MELVIN L. KATTEN, P.C.; DAVID H. )
KISTENBROKER; ADAM R. KLEIN; MARLA J. KREINDLER; )
STEWART T. KUSPER; HOWARD S. LANZNAR; LAWRENCE )
D. LEVIN; KEVIN S. MACKINNON; SETH R. MADORSKY; )
REID A. MANDEL; FLOYD A. MANDELL, P.C.; LAURA )
KEIDAN MARTIN; NINA B. MATIS, P.C.; WILLIAM E. )
MATTINGLY, P.C.; THOMAS J. MCFADDEN; ADAM M. )
MEEK; KENNETH W. MILLER, PATRICK J. MORRIS; ALAN )
J. MUCHIN, P.C.; KATHLEEN M. MURPHY; STEVEN V. )
NAPOLITANO; KYLE E. NENNINGER; TERRY E. NEWMAN, )
P.C.; WESLEY G. NISSEN; J. PHILLIP O'BRIEN; STEVEN R. )
OLSON; JOHN S. PANIAGUAS; KEITH D. PASCUS; )
TIMOTHY J. PATENODE; JEFFREY R. PATT; MELVIN E. )
PEARL, P.C.; GERALD M. PENNER, P.C.; DANIEL J. )
PEARLMAN; MICHAEL M. PHILIP; GREGORY P.L. PIERCE; )
NANCY J. RICH; HOWARD M. RICHARD, P.C.; BRIAN F. )
RICHARDS; SAUL E. RUDO; SUZANNE M. RUSSELL; )
BARNETT P. RUTTENBERG, P.C.; JAMES L. SAWYER; )
RICHARD M. SELIGMAN, P.C.; RUSSELL B. SELMAN; )
STEVEN A. SHAPIRO, P.C.; DAVID R. SHEVITZ, P.C.; )
ORRIN S. SHIFRIN; STUART P. SHULRUFF; ROSS O. )
SILVERMAN; MARK C. SIMON; ANN MARIE SINK; NINA )
MOMTAZEE SITZER; ANDREW D. SMALL; PAMELA G. )
SMITH; GIL M. SOFFER; BONITA L. STONE; MARCIA W. )
SULLIVAN, P.C.; IRA J. SWIDLER; ERNEST W. TORAIN, )
JR.; JAMES D. VAN DE GRAAFF; TIMOTHY J. VEZEAU; )
ZACHARY D. WAGMAN; MILTON S. WAKSCHLAG; )
HERBERT S. WANDER, P.C.; MARYANN A. WARYJAS; )
ELIZABETH FLEMING WEBER; WALTER S. WEINBERG; )
MARK S. WEISBERG; JOHN ROBERT WEISS; LINDA )
JEFFRIES WIGHT; BRUCE G. WILSON; MARK D. WOOD; )

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

SHELDON T. ZENNER; MARK S. ZOLINO; and JOHN  )
DOE Nos.1 through 600,                         )
                                               )
          Defendant-Appellants and Cross-Appellees.  )

_____

JUSTICE MURPHY delivered the opinion of the court:

William Bass, now deceased, executed conflicting estate plans in 2000 and 2002. The 2002 estate plan was admitted to probate, and one of the beneficiaries of the 2002 plan filed suit in that court to challenge the validity of the 2000 trust and recover for the estate all assets allegedly transferred to the 2000 trust. While that case was pending on appeal, the estate, William Bass's brother, Edward Bass, and his sister, Lyle Streicher[1] (plaintiffs), beneficiaries of the estate, brought an amended consolidated complaint against attorneys involved with the preparation of the trusts. The trial court dismissed the malpractice complaint without prejudice on the basis that plaintiffs' claims were premature, since the probate appeal involved the same core issues. Upon plaintiffs' motion for reconsideration, the trial court affirmed its finding of prematurity but vacated the dismissal to avoid potentially foreclosing plaintiffs' cause of action and stayed the case until the appellate and supreme courts resolved the probate proceedings.

On appeal, defendants contend that the trial court abused its discretion by staying proceedings, despite its finding of prematurity, in order to avoid application of the limitations and repose periods. Plaintiffs cross-appeal the trial court's finding of prematurity.

_____

[1] On June 14, 2007, we granted a motion to spread Lyle Streicher's death of record.

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

## I. BACKGROUND

Plaintiffs' consolidated complaint alleges the following. William Bass, who accrued substantial assets during his lifetime, created estate plans in both 2000 and 2002. The 2000 estate plan was drafted by James Jacobson, an attorney from the law firm Griffith and Jacobson, LLC, and were revocable at Bass's discretion. Under this estate plan, Edward Bass and Lyle Streicher would receive certain gifts held in trust and the remainder, a significant portion of the estate, would pass to the Bill Bass Foundation. The 2000 estate plan named Jacobson and Schwartz and coexecutors and successor cotrustees.

In late 2001, Bass retained Katten, Muchin Zavis Rosenman (KMZR) to prepare a replacement estate plan. On January 8, 2002, he executed a will and revocable trust naming Melvin Katten, a partner at KMZR, and Paul Anglin, an accountant, as coexecutors and cotrustees. Under the 2002 estate plan, after certain specific distributions, the remainder passed in equal shares to Northwestern Medical Faculty Foundation, Inc. (Northwestern), Edward Bass in trust, and Lyle Streicher in trust.

It also alleged that when William Bass informed Jacobson that he executed the 2002 estate plan, Jacobson did not inform KMZR of the 2000 trust and instead tried to persuade Bass to revoke the 2002 estate plan. In addition, Igor Potym and Vedder Price failed to disclose to William Bass that there was a potential conflict among the 2000 plan, the 2002 plan, and Jacobson's new estate documents.

The complaint alleged that although Anglin knew that William Bass intended to revoke the 2000 trust, he failed to ensure clear title to certain disputed assets and to inform Katten or KMZR

-4-

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

of the existence of the 2000 trust. Furthermore, Katten and KMZR failed to inquire about, investigate, or discover the existence of the 2000 estate plan and the manner in which Bass's assets were titled. Specifically, in the summer of 2003, Katten discovered that Bass's account with the Vanguard Group, consisting of stock valued at $30 million, was titled in the name of the 2000 trust. The complaint alleges that Katten and KMZR also knew that title to Bass's residence had been transferred to the 2000 trust, but they failed to retrieve the property or contact Jacobson about the 2000 trust.

Bass died on December 31, 2003, and the 2002 will was admitted to probate on January 28, 2004. The complaint alleges that after Bass's death, the executor of the estate attempted to claim certain property of Bass's, but Schwartz and Jacobson maintained that as successor trustees, they were entitled to the assets. They liquidated shares in privately held corporations contrary to the intent of the estate, and soon thereafter, the market price of the shares rose substantially.

In February 2004, Northwestern, a beneficiary of the 2002 trust, challenged the validity of the 2000 trust and sought to recover for the estate all assets allegedly transferred to the 2000 trust. The probate court dismissed the citation petition with prejudice. Northwestern, Edward Bass, and Lyle Streicher appealed the dismissal to this court under docket number 1-04-3240.

In November 2004, the estate and beneficiaries filed the consolidated complaint, asserting claims for malpractice, breach of fiduciary duties, and intentional misconduct. It sought the following relief: (1) imposition of a constructive trust or resulting trust on all property and assets held in the 2000 trust, (2) a declaration that the 2000 trust is invalid, (3) compensatory and

-5-

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

punitive damages, and (4) attorney fees and costs.

Defendants moved to dismiss the complaint on the basis that it was premature given the pendency of the probate litigation. On July 15, 2005, in a memorandum opinion, the trial court noted that a claim for legal malpractice does not mature until the plaintiff has suffered an adverse judgment, settlement, or dismissal of an underlying action due to the attorney's negligence. The court found that the same core issue, *i.e.*, whether the 2000 or 2002 will and trust governed the disposition of Bass's property, existed in both the malpractice case and the probate appeal. Each cause of action in the malpractice case, regardless of the theory of recovery, rested on this core issue, and "if the appeal determines that Plaintiffs will retain the benefits of the 2002 Trust and Will they will not have been damaged by the actions of the various Defendants." The court also rejected plaintiffs' argument that they were damaged by paying attorney fees, since attorney fees must be directly related to the attorney's negligence to be recoverable. Accordingly, the trial court dismissed the complaint without prejudice "as being premature, with leave to refile, if necessary."

Plaintiffs filed a motion to reconsider the dismissal, arguing that if they were forced to refile after the maturation of their claims, defendants would likely argue after resolution of the probate appeal that the statute of repose would bar them. Any refiling would have to occur by July 16, 2006, and it was unlikely that the probate appeal would be resolved by then. "As a matter of equity, and to avoid this morass," plaintiffs requested that the court stay the case to prevent efforts by defendants "to assert purely technical barriers to a resolution on the merits."

On August 24, 2005, the trial court orally ruled that it did not need briefing on the motion.

-6-

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

The court ruled that it "will stand in its finding of prematurity as to all issues and denies the motion to reconsider as it addresses the finding on that issue." However, it amended its previous order from a dismissal without prejudice "to avoid potentially foreclosing plaintiffs' cause of action on three procedural bases" and cited the limitations and repose periods in section 13-214.3 of the Code of Civil Procedure (735 ILCS 5/13-214.3 (West 2004)). The trial court therefore stayed all proceedings pursuant to Supreme Court Rule 305 (155 Ill. 2d R. 305) until the appellate and supreme courts resolved the probate proceedings. The court's order was memorialized on August 30, 2005.

Defendants filed a notice of interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), challenging the stay. Plaintiffs filed a cross-appeal of the July 15, August 24, and August 30, 2005, orders under Rule 307(a)(1) on the basis that the trial court erroneously found their claims to be premature.

## II. ANALYSIS

### A. Mootness

During the pendency of this appeal, the probate appeal was settled and dismissed. Plaintiffs filed a motion to dismiss the malpractice appeal because Rule 307(a)(1) no longer provides a basis for the court's jurisdiction since the purpose of the stay was satisfied when the probate case was settled and dismissed, and even if Rule 307(a)(1) jurisdiction exists, the correctness of entering a stay is moot because the stay is no longer in effect. Defendants respond that an actual controversy exists for which this court can grant effectual relief. This court took plaintiffs' motion with the case.

-7-

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

A court should not decide a case when the occurrence of events after an appeal has been filed makes it impossible for the reviewing court to render effectual relief and the judgment would have only an advisory effect. *Berlin v. Sarah Bush Lincoln Health Center*, 179 Ill. 2d 1, 7-8 (1997). "An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief." *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). The mootness doctrine stems from a concern that parties to a resolved legal dispute lack a sufficient personal stake in the outcome to assure the adversarial relationship that sharpens the presentation of issues upon which the court depends for illumination of difficult questions. *Peters-Farrell*, 216 Ill. 2d at 291.

However, "where a decision 'could have an impact on the rights and duties of the parties there is life in the appeal.' [Citations.]" *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 63 (2006). In *Mohanty*, our supreme court found that issue of the enforceability of restrictive covenants that a doctor entered into was not moot, even though the time period of the covenant had lapsed, because a determination on that issue would have a direct impact on the doctor's potential damages in his counterclaim for misappropriation and unjust enrichment. *Mohanty*, 225 Ill. 2d at 63-64. See also *Sara Bush Lincoln Health Center*, 179 Ill. 2d at 7-8; *People ex rel. Bernardi v. City of Highland Park*, 121 Ill. 2d 1, 6-7 (1988).

The basis of defendants' argument in the trial court was that plaintiffs did not demonstrate damages because there was not yet a final, adverse judgment in the underlying action, the probate case. On appeal, defendants challenge the propriety of staying a malpractice complaint, for the sole purpose of avoiding the potential foreclosure of plaintiffs' cause of action, until the appellate

and supreme courts resolve the probate proceedings. Defendants' position in their opposition to plaintiffs' motion is that a reversal of the stay order would require plaintiffs to refile their claim upon the resolution of the probate appeal and that such refiling would be barred by the repose and limitations periods of section 13-214.3. Even though the stay has expired, the consequences flowing from the propriety of the stay, *i.e.*, the potential barring of plaintiffs' malpractice claims, are still important issues to be resolved, and it is not impossible to grant effectual relief. Therefore, we have jurisdiction to consider whether the trial court properly granted the stay.

Accordingly, we deny plaintiffs' motion to dismiss the appeal.

### B. Imposition of the Stay

Defendants contend that the trial court erred when it stayed the proceedings to avoid foreclosing plaintiffs' claims. "The scope of review in an interlocutory appeal from an order granting a motion to stay proceedings is limited to a determination as to whether the trial court abused its discretion in granting the stay." *Goodwin v. McHenry County Sheriff's Office Merit Comm'n*, 306 Ill. App. 3d 251, 257 (1999). Under the abuse-of-discretion standard, a reviewing court does not decide whether it agrees with the circuit court's decision but, rather, determines whether the circuit court " ' "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." ' [Citations.]" *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 615 (1994). "The only question before a reviewing court on interlocutory appeal is whether there was a sufficient showing made to the trial court to sustain its order granting or denying the relief sought." *Lindsey v. Board of Education of the City of Chicago*, 127 Ill. App.

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

3d 413, 418 (1984). A reviewing court looks to the sufficiency of the evidence, not to determine controverted rights or to decide the merits of the case, but only for the limited purpose of ascertaining whether the trial court abused its discretion in entering the interlocutory order. *Lindsey*, 127 Ill. App. 3d at 418.

A stay order seeks to preserve the status quo existing on the date of its entry and does not address in any way the merits of the underlying dispute. *Kaden*, 263 Ill. App. 3d at 615. A circuit court may stay proceedings as part of its inherent authority to control the disposition of cases before it. *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 901 (1998). It may consider factors such as the orderly administration of justice and judicial economy in determining whether to stay proceedings. *Philips Electronics*, 295 Ill. App. 3d at 901-02.

Defendants do not cite any authority where a trial court stayed a legal malpractice case pending the outcome of the underlying case. Instead, defendants rely extensively on *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349 (1998). In *Lucey*, the plaintiff decided to resign from his employer and begin his own firm. He sought legal advice from the defendants, an attorney and a law firm, about the propriety of soliciting clients before his resignation. One of the employer's clients transferred its portfolio to the plaintiff's new firm, and the employer sued him based on the loss of that account. The plaintiff retained the defendants to defend him in the suit, then retained other counsel and filed a malpractice action against them.

The court held that because the underlying case remained unresolved, the plaintiff's malpractice action was premature. *Lucey*, 301 Ill. App. 3d at 353, 358. A cause of action for legal malpractice "will rarely accrue prior to the entry of an adverse judgment, settlement, or

-10-

dismissal of the underlying action in which plaintiff has become entangled due to the purportedly negligent advice of his attorney." *Lucey*, 301 Ill. App. 3d at 356. The court cited "[s]ound policy reasons" opposing a rule that would require a plaintiff to file a "provisional malpractice action *** whenever the attorney's legal advice has been challenged." *Lucey*, 301 Ill. App. 3d at 357. These include judicial economy, preservation of the attorney-client relationship, and prevention of inconsistent verdicts resulting from simultaneous litigation. *Lucey*, 301 Ill. App. 3d at 357-58. When uncertainty exists as to the very fact of damages, instead of the amount of damages, damages are speculative, and a cause of action for malpractice does not exist. *Lucey*, 301 Ill. App. 3d at 355. While the complaint was properly dismissed, it should not have been dismissed with prejudice. *Lucey*, 301 Ill. App. 3d at 360. The plaintiff should have been permitted to refile if and when the underlying litigation was resolved adversely to him. *Lucey*, 301 Ill. App. 3d at 359.

Similarly, in *Schulte v. Burch*, 151 Ill. App. 3d 332 (1986), the plaintiffs filed a legal malpractice claim against an attorney who failed to file a suit within the prescribed time period for a mechanics' lien foreclosure against a subcontractor for whom they furnished supplies. The court found the malpractice claim to be premature as a matter of law because the plaintiffs might still have had valid causes of action against the general contractor and the surety on his labor and material payment bond. *Schulte*, 151 Ill. App. 3d at 336. Although they might not have been able to recover from the contractor and surety, the malpractice action would not become ripe until the cause of action on the bond was lost. *Schulte*, 151 Ill. App. 3d at 336. The court upheld the dismissal but amended the judgment to express the fact that it was not intended to bar an action if

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

such an action ripened. *Schulte*, 151 Ill. App. 3d at 336.

Defendants contend that under *Lucey* and *Schulte*, dismissal without prejudice is "the only authorized result." While *Lucey* and *Schulte* hold that dismissal without prejudice is *proper*, they did not hold that dismissal without prejudice was the only remedy under these circumstances. Indeed, neither of these cases speaks to the propriety of staying a case instead of dismissing it without prejudice. Although the trial court initially followed the procedures outlined by *Lucey* and *Schulte* when it dismissed the case without prejudice, once the trial court reinstated the case on August 24, 2005, it was within its discretion to impose a stay.

Some of the factors that support dismissing without prejudice a "provisional" malpractice case--judicial economy and the desire to prevent inconsistent verdicts that might result from simultaneous litigation, as elucidated in *Philips Electronics* and *Lucey*--also support the principle that trial courts should have the discretion to grant a stay in cases such as the one before us.

Indeed, an order of the circuit court entering a stay of proceedings provides a measure of protection to the parties that a dismissal without prejudice does not. In *International Insurance Co. v. Morton Thiokol, Inc.*, 185 Ill. App. 3d 686 (1989), the circuit court dismissed without prejudice an insurer's declaratory action seeking reformation or rescission of two of its primary liability policies pending the resolution of a dispute between the parties concerning the underlying environment site claims that arose in another state. This court held that the dismissal without prejudice was not final and appealable and dismissed the appeal. *Morton Thiokol*, 185 Ill. App. 3d at 691.

Conversely, it is well settled that the denial of a motion to stay proceedings may be treated

-12-

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

as a denial of a request for a preliminary injunction, and this may form the basis for an interlocutory appeal as of right pursuant to Supreme Court Rule 307(a)(1). *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216 (2001), citing *Beard v. Mount Carroll Mutual Fire Insurance Co.*, 203 Ill. App. 3d 724, 727 (1990); *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594 (1991). An order granting a stay of proceedings is similarly appealable as of right pursuant to Supreme Court Rule 307(a)(1): "An appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 188 Ill. 2d R. 307(a)(1).

In addition, there was a strong indication that plaintiffs' legal malpractice complaint had merit. A legal malpractice claim can accrue before the client suffers a final, adverse judgment in the underlying action where it is "plainly obvious, prior to any adverse ruling against the plaintiff, that he has been injured as the result of professional negligence" or where an attorney's neglect is a direct cause of the legal expense incurred by the plaintiff. *Lucey*, 301 Ill. App. 3d at 355, 358. Here, the complaint alleged that Katten and KMZR failed to take steps to retrieve the title to William Bass's Vanguard account or his multimillion-dollar residence, which had been transferred to the 2000 trust. In addition, it alleged that although Jacobson knew that Bass had executed the 2002 estate plan, he did not inform KMZR of the existence of the 2000 trust and, after Bass died, liquidated shares of Bass's privately held corporations, contrary to the wishes of the executor. These actions, as alleged in the complaint, are a direct cause of the legal expenses incurred by plaintiffs, regardless of the outcome of the probate litigation. See *Palmros v. Barcelona*, 284 Ill. App. 3d 642 (1996). For these reasons, we reject defendants' argument that the trial court's stay

condones provisional malpractice cases, which Illinois courts have discouraged.  See *Romano v. Morrisroe*, 326 Ill. App. 3d 26, 32 (2001); *York Woods Community Ass'n v. O'Brien*, 353 Ill. App. 3d 293, 299 (2004).

Defendants nonetheless argue that a stay under these circumstances violates the policy reasons behind repose periods.  Section 13-214.3(b) of the Code of Civil Procedure provides for a two-year statute of limitations, and subsection (c) imposes a repose period for legal malpractice claims of "6 years after the date on which the act or omission occurred."  735 ILCS 5/13-214.3(c) (West 2004).  In cases where the injury does not occur until the death of the person for whom professional services were rendered and the person's will is admitted to probate, the action must be commenced within the time for filing claims against the estate or a petition contesting the will of the deceased person, whichever is later, as provided by the Probate Act of 1975.  735 ILCS 5/13-214.3(d) (West 1994).  Under the Probate Act of 1975, a petition to contest the validity of a will must be filed within six months after the admission of the will to probate.  755 ILCS 5/8-1(a) (West 2004).  The trial court noted, and the parties do not dispute, that all of these limitations and repose periods potentially apply here.

Unlike a statute of limitations, which is triggered when a cause of action accrues, the provisions in subsections (c) and (d) act as periods of repose.  *Poullette v. Silverstein*, 328 Ill. App. 3d 791, 796 (2002).  "While we are cognizant that the effect on plaintiff in this case was to shorten the period of time in which she had to file her claim, '[w]e can neither restrict nor enlarge the meaning of an unambiguous statute.' "  *Poullette*, 328 Ill. App. 3d at 796, quoting *Perlstein v. Wallach*, 198 Ill. 2d 439, 448 (2002).  When the will has been admitted to probate, the legislature

intended to terminate the possibility of liability after a definite period of time, regardless of whether a plaintiff's cause of action has accrued. *Poullette*, 328 Ill. App. 3d at 796. The fact that a repose provision may, in a particular instance, bar an action before it is necessarily discovered is considered "an accidental rather than necessary consequence." *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 424 (1986). See *Lucey*, 301 Ill. App. 3d at 362 (six-year statute of repose "may cut off many transactional malpractice actions before they accrue").

Defendants rely on *Golla v. General Motors Corp.*, 167 Ill. 2d 353 (1995); *Griffin v. Goldenhersh*, 323 Ill. App. 3d 398 (2001); and *Serafin v. Seith*, 284 Ill. App. 3d 577 (1996), in support of their argument. In those cases, however, the defendants received notice of claims years after the limitations periods had run. Here, plaintiffs filed their complaint within the applicable limitations and repose periods provided by section 13-214.3. Therefore, defendants were on notice of plaintiffs' claims when they filed their complaint. Defendants could take whatever steps were necessary to preserve evidence and ensure that the passage of time did not prejudice their ability to mount a defense.

We find that under these circumstances, the trial court did not act arbitrarily without the employment of conscientious judgment or, in review of all the circumstances, exceed the bounds of reason and ignore recognized principles of law so substantial prejudice resulted. *Kaden*, 263 Ill. App. 3d at 615. To rule otherwise would constitute a potential bar to claims on technical grounds when plaintiffs attempted to being the action in a timely fashion.

### C. Plaintiffs' Cross-Appeal

Plaintiffs filed an interlocutory appeal and cross-appeal pursuant to Rule 307(a)(1) of the

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

portions of the court's orders of July 15, August 24, and August 30, 2005, that found their claims to be premature. Rule 307(a)(1) allows an appeal to be taken to the appellate court of an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 134 Ill. 2d R. 307(a)(1). Defendants contend that this court lacks jurisdiction over plaintiffs' appeal and cross-appeal because the only issue this court has to decide is whether the trial court properly issued the stay. Plaintiffs argue that because the trial court's prematurity finding formed the underlying basis of the stay order, it is reviewable under Rule 307.

In an interlocutory appeal, the scope of review is normally limited to an examination of whether the trial court abused its discretion in granting or refusing to grant the interlocutory relief. *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996). Even when the court has jurisdiction to review an order, it does not have jurisdiction to review findings of fact that do not affect the specific remedies for which the appeal is allowed. *Murges v. Bowman*, 254 Ill. App. 3d 1071, 1081 (1993).

To the extent necessary, however, a reviewing court may consider substantive issues in order to determine whether the trial court acted within its authority. *In re Lawrence M.*, 172 Ill. 2d at 526. In *People v. Kerr-McGee Chemical Corp.*, 142 Ill. App. 3d 1104 (1986), the defendant sought summary judgment with respect to the State's request for injunctive relief on the basis that the trial court's jurisdiction was preempted by federal law. Alternatively, it sought a stay of proceedings on the ground that primary jurisdiction over the subject of the litigation rested with a federal administrative agency. The defendant appealed the denial of the stay of proceedings under Rule 307(a)(1) and contended that the federal preemption question should be

-16-

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

decided on appeal. The court held, however, that while the claim did challenge the authority of the circuit court to enter the injunctive relief requested by the State, it did not challenge the jurisdiction of the circuit court to hear the cause or to grant the other relief requested by the State. *Kerr-McGee*, 142 Ill. App. 3d at 1106. The federal preemption claim, "which bears not on the propriety of the \*\*\* stay but rather on the nature of the relief which may be granted if the State prevails at trial, will not be decided at this time." *Kerr-McGee*, 142 Ill. App. 3d at 1106. Therefore, the interlocutory order appealed from would be reviewed to determine whether the trial court abused its discretion in denying the stay. *Kerr-McGee*, 142 Ill. App. 3d at 1106.

Here, this court need not consider whether plaintiffs' claims are premature in order to determine the issue of whether the trial court erroneously stayed the case. Furthermore, plaintiffs do not challenge the prematurity finding only in the context of the imposition of the stay; they are also appealing the July 15, 2005, order that dismissed the case without prejudice. This goes well beyond the scope of a Rule 307(a)(1) interlocutory appeal challenging an order staying the case. " 'An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed.' " *Murges*, 254 Ill. App. 3d at 1080, quoting *Panduit Corp. v. All State Plastic Manufacturing Co.*, 84 Ill. App. 3d 1144, 1151 (1980).

Therefore, we hold that this court does not have jurisdiction over plaintiffs' cross-appeal.

III. CONCLUSION

-17-

1-05-3043, 1-05-3044, 1-05-3051, 1-05-3053, 1-05-3068 (cons.)

At the time the motion to dismiss was made, the trial court had the discretion to dismiss the case without prejudice or to stay it. One factor the trial court might consider is whether the legal malpractice case has potential. Based on the complaint, it would appear that additional legal fees would most likely be incurred based on the actions and inactions of the attorneys involved.

Plaintiffs' motion to dismiss the appeal is denied, and plaintiffs' cross-appeal is dismissed. We affirm the imposition of the stay and remand the case to the trial court.