2020 IL App (1st) 192626-U

FIFTH DIVISION
Order filed: March 6, 2020

No. 1-19-2626

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DAVID EVANS III, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No.  19 CH 02813 |
| | ) | |
| | ) | |
| THOMAS J. DART, in His Official Capacity as Sheriff | ) | |
| of Cook County; and COOK COUNTY, as a Unit of | ) | |
| Local Government and as Indemnitor, | ) | Honorable |
| | ) | Sophia Hall, |
| Defendants-Appellees. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THOMAS J. DART, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No.  19 CH 04416 |
| | ) | |
| COOK COUNTY SHERIFF'S MERIT BOARD; | ) | |
| JAMES P. NALLY, Board Chairman; BYRON | ) | |
| BRAZIER, Board Vice-Chairman; JOHN | ) | |
| DALICANDRO, Board Secretary; KIM R. WIDUP, | ) | |
| Board Member; VINCENT T. WINTERS, Board | ) | |

Member; PATRICK M. BRADY, Board Member;    )
JUAN L. BALTIERRES, Board Member; GRAY     )
MATEI-HARRIS, Board Member; and DAVID      )
EVANS, III,                                )
                                           )
    Defendants.                          )
                                           )
(David Evans, III, Defendant-Appellant; Cook County    )
Sheriff's Merit Board, James P. Nally, Byron Brazier,   )
John Dalicandro, Kim R. Widup, Vincent T. Winters,      )    Honorable
Patrick M. Brady, Juan L. Baltierres, and Gray Matei-   )    Sophia Hall,
Harris, Defendants-Appellees.)                          )    Judge, Presiding.

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We affirm the order of the circuit court granting the defendants' motion to stay the present litigation pending resolution of an appeal in the supreme court from a decision in a separate action between the same parties.

¶ 2    The plaintiff, David Evans III, brings this interlocutory appeal, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), challenging the circuit court's order granting a motion, filed by the defendants, Thomas J. Dart (the Sheriff), Cook County, and the Cook County Sheriff's Merit Board (the Board), to stay the present litigation, pending resolution of an appeal in the supreme court between the same parties and raising one common claim. For the reasons that follow, we affirm.

¶ 3    The following factual recitation necessary to the resolution of this appeal is adduced from the pleadings, orders, motions, and supporting documents of record. On June 13, 2005, the plaintiff was appointed as a Correctional Officer with the Cook County Sheriff's Department. On February 21, 2017, the Sheriff suspended the plaintiff and, the next day, filed a complaint against him with the Board, seeking his termination for alleged use of improper force with a detainee.

- 2 -

¶ 4    The Sheriff also charged six other officers (who are not parties to this case) with misconduct. On February 26, 2018, before the Board heard the charges against the plaintiff and the other officers, they filed a complaint in the circuit court against the defendants[1] (Goral v. Dart, No. 2017 CH 15546) seeking, *inter alia*, to enjoin the Board from taking any action in their disciplinary cases; seeking declarations of their entitlement to back pay; and challenging the composition of the Board, including the appointments of certain members to the Board. On July 26, 2018, the circuit court dismissed the complaint in *Goral v. Dart*, finding that the officers failed to exhaust their administrative remedies before filing suit.

¶ 5    On August 1, 2018, during the pendency of the proceedings before the Board, the plaintiff and the other officers filed their notice of appeal from the circuit court's decision in *Goral v. Dart*. In that appeal, the plaintiff and the other officers challenged, *inter alia*, the authority of the Board to act based on its compositional defects and raised the question of their entitlement to back pay. *Goral v. Dart*, 2019 IL App (1st) 181646.

¶ 6    On March 1, 2019, the Board determined that the plaintiff had not engaged in any misconduct and reinstated him effective February 21, 2017. On March 5, 2019, the Sheriff sought administrative review of the Board's decision. Dart v. Cook County Sheriff's Merit Board, No. 2019 CH 04416 (Cir. Ct. Cook County). On that same day, the plaintiff filed the instant *mandamus* action against the defendants, seeking back pay he maintains is owed to him from February 21, 2017, the date the Board determined he was effectively reinstated. Goral v. Dart, No. 2019 CH 02813 (Cir. Ct. Cook County). The matters were consolidated and are proceeding under the caption of the plaintiff's *mandamus* action.

¶ 7    On July 10, 2019, this court issued its decision in *Goral v. Dart*, reversing the circuit court

---

[1] The defendants in the *Goral* proceedings are the same defendants in the present case.

in part and remanding the matter to the circuit court with instructions to consider the issue of back pay. *Goral v. Dart*, 2019 IL App (1st) 181646, ¶ 114. This court held, *inter alia*, that the issue of back pay is "included within [the authority to act] exception to the exhaustion requirement," (*Id.* ¶ 47), that the question of whether the *Goral* plaintiffs (including the plaintiff in this action) are entitled to back pay is a purely legal question and is not dependent upon the outcome of the administrative hearing before the Board, and that the issue of back pay can be raised in the circuit court without first exhausting administrative remedies before the Board. *Id.* ¶¶ 52-53.

¶ 8    On July 22, 2019, the defendants filed a petition, in the supreme court, for leave to appeal the *Goral* decision. On September 25, 2019, the supreme court granted the petition. Goral v. Dart, 2020 IL 125085. The defendants' opening brief before the supreme court addresses the issue of back pay, arguing that the issue of back pay is a disputed question of fact that should be resolved by the Board and not the circuit court.

¶ 9    On October 18, 2019, the defendants filed a motion to stay the present litigation, pending the supreme court's decision in *Goral*. On November 27, 2019, the circuit court granted the defendants' motion to stay. This appeal followed.

¶ 10    The sole question before us is whether the circuit court abused its discretion in granting the defendants' motion to stay the current action pending resolution of the *Goral* appeal in the supreme court. A circuit court's authority to stay proceedings arises from its power to control the disposition of its cases. *J.S.A. v. M.H.*, 384 Ill. App. 3d 998, 1005 (2008). The factors a circuit court considers when deciding whether to issue a stay include: the prevention of multiplicity, vexation, and harassment; the orderly administration of justice; judicial economy; and the *res judicata* effect of a claim. *Id*.

¶ 11    In determining whether to stay the latter of two suits, the subject matter between the two

proceedings need not be identical, such that the resolution of the earlier action "is potentially dispositive; it is necessary only that the two proceedings share a 'significant' issue." *Khan v. BDO Seidman, LLP*, 2012 IL App (4th) 120359, ¶ 74. In other words, the test is whether the reviewing court's decision in the earlier proceeding would be significant to, or have an effect on, the latter proceeding between the parties, and not whether it would be completely dispositive of the latter proceeding. *Id.* ¶ 78. The decision to grant or deny a motion to stay will not be overturned on appeal absent an abuse of discretion. *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 67 (2007). Our function is not to determine if we agree with the circuit court's resolution of the matter, but rather, to determine if the circuit court acted arbitrarily, exceeded the bounds of reason, or ignored recognized principles of law. *Aventine Renewable Energy, Inc. v. JP Morgan Securities, Inc.*, 406 Ill. App. 3d 757, 760 (2010).

¶ 12    Based on our review of the record, there is no question that the present case and the *Goral* case pending before the supreme court have a "significant issue" in common—that issue being the question of whether the Board or the circuit court should first resolve the issue of back pay. In each stage of the *Goral* litigation the question of back pay surfaced. The plaintiff in the instant matter maintains that, regardless of the outcome of the *Goral* proceedings, he is entitled to back pay and, therefore, the stay was in error. However, the relief that the plaintiff seeks is intertwined with questions that are before the supreme court—whether he must exhaust his administrative remedies before seeking back pay.

¶ 13    The supreme court's decision in *Goral* will control the next steps regarding the back pay issue that is central to the instant matter. Allowing these two cases to proceed separately is not only duplicative, but it is also contrary to the orderly administration of justice. Further, allowing the present case to proceed before the conclusion of *Goral* does nothing to contribute to the cause

of judicial economy. Therefore, we find no abuse of discretion in the circuit court's decision to stay the proceeding.

¶ 14    We note that the plaintiff's argument that the circuit court provided no reasoning for its decision to stay the current proceeding is unavailing. We review the *judgment* of the circuit court, not its *reasoning*, and we may affirm the judgment on any grounds supported by the record, regardless of whether the circuit court relied on those grounds, and regardless of whether the circuit court's reasoning was sound. *City of Chicago v. Holland*, 206 Ill. 2d 480, 492 (2003). Accordingly, we find that the circuit court did not abuse its discretion when it granted the defendants' motion to stay the present case during the pendency of the *Goral* case before the supreme court.

¶ 15    Affirmed.