NOTICE
Decision filed 11/07/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241215-U

NO. 5-24-1215

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| EDMUND L. BICKETT, as Executor of the Estate of Lula Margaret Bickett, Deceased, | ) ) ) | Appeal from the Circuit Court of Gallatin County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23-LA-5 |
| JAMES VAN WINKLE, | ) ) ) | Honorable Melissa A. Morgan, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Under the circumstances presented, the circuit court's decision to deny the motion to stay the proceedings was an abuse of discretion. The order dismissing the plaintiff's complaint without prejudice and denying the motion to stay is vacated, and the cause is remanded to the circuit court with directions to stay the proceedings.

¶ 2   The plaintiff, Edmund L. Bickett, as Executor of the Estate of Lula Margaret Bickett (Estate), filed a complaint for legal malpractice and fraudulent concealment against the defendant, James Van Winkle. Van Winkle filed a motion to dismiss or stay the proceedings asserting that the plaintiff's claims were premature due to pending claims related to the administration of the decedent's estate. The circuit court dismissed the plaintiff's complaint without prejudice and denied the motion to stay as moot. The plaintiff appealed. For the reasons that follow, the circuit court's order is vacated, and the cause is remanded with directions.

1

¶ 3                                    I. BACKGROUND

¶ 4     The decedent, Lula Margaret Bickett (Margaret), was married to Edmund F. Bickett (Edmund). Margaret and Edmund had seven children during their marriage: Edmund L. Bickett, Laurie Marti, Janice Bickett, Tim Bickett, Kim Bickett, Donna Short, and Susan Bachman. Edmund was a farmer, and he had extensive property holdings in southern Illinois and Kentucky. Sometime prior to April 2012, Edmund assured Margaret that he intended to leave her one-half of his estate if she agreed not to file for dissolution of their marriage. Margaret agreed and did not seek to dissolve the marriage. In April 2012, Van Winkle, an attorney licensed in Illinois, established an attorney-client relationship with Margaret and Edmund. From April 2012 through November 2017, Van Winkle provided legal services in estate planning for Margaret and Edmund. In the spring of 2012, Margaret and Edmund met with Van Winkle to discuss their estate plans. Three of the couple's children, Tim, Kim, and Donna, also attended the meeting. During the meeting, Margaret allegedly expressed an intent to divide her estate equally among her seven children, although this is a matter of contention in the underlying estate litigation.

¶ 5     Edmund died on November 27, 2017. According to the provisions of Edmund's last will and testament, one-half of his estate was given to Margaret and the other one-half was divided equally among the couple's seven children. Following Edmund's death, Van Winkle continued to provide legal services to Margaret. He prepared powers of attorney, a living will, and other legal documents. Eventually, the professional relationship between Van Winkle and Margaret deteriorated. On September 8, 2018, Margaret terminated Van Winkle's services. Subsequently, she obtained new counsel. On January 16, 2020, Margaret executed a will. Under the provisions of the will, Margaret's children, Tim, Kim, Donna, and Susan (collectively "the disinherited children"), would receive one dollar each and the remainder of Margaret's estate would be divided

among her other children, Edmund, Laurie, and Janice ("the inheriting children"). Margaret died on February 27, 2021. Her will was admitted to probate in the circuit court of Gallatin County on March 16, 2021 (the probate case).

¶ 6 On September 20, 2021, the disinherited children filed a petition to contest Margaret's will in the probate case. In August 2023, the disinherited children filed a second amended petition alleging among other things, a will contest, breach of oral contract, promissory estoppel, and undue influence. The disinherited children alleged that Margaret and Edmund agreed to an oral "contracted inheritance plan" in the presence of Van Winkle. The disinherited children further alleged that under the provisions of the "contracted inheritance plan," Edmund agreed that a substantial portion of his estate would be conveyed to two limited liability companies (LLCs), and Margaret would receive 50% of the interests in those LLCs. In exchange, Margaret allegedly agreed to the terms of the distribution and that upon her death, her estate would be equally divided among the couple's seven children. The disinherited children further alleged that Margaret violated the terms of the oral "contracted inheritance plan." Meanwhile, the inheriting children filed a separate action in Gallatin County against three of the four disinherited children and other defendants regarding the operation of the Bickett farms (farm operations case). In the farm operations case, the defendants filed counterclaims alleging breach of fiduciary duty, *quantum meruit*, and unjust enrichment.

¶ 7 On October 6, 2023, the plaintiff filed a complaint alleging legal malpractice (count I) and fraudulent concealment (count II) against Van Winkle. In the allegations specific to count I, the plaintiff alleged, upon information and belief, that Van Winkle "contends that he formed an opinion that Margaret entered into a legally binding oral contract to not make a Will that would result in her Estate not being shared equally among her seven children upon her death," and that

3

during a consultation with the disinherited children, Van Winkle informed them of this opinion. The plaintiff further alleged that Van Winkle breached the standard of care of an attorney practicing law in southern Illinois, in that he failed to properly advise Margaret. The plaintiff claimed among other things that Van Winkle failed to advise Margaret of his opinion that Margaret had entered into a legally binding oral contract not to make a will; that there were legal consequences for breaching the material terms and conditions of an oral contract; that any statements Margaret made regarding her intentions for her estate in the presence of Edmund, three of their children, and Van Winkle could result in her estate being sued for breach of an oral contract, thereby exposing her estate to a potential judgment and legal fees and costs; and that Margaret should seek independent legal counsel because Van Winkle also represented Edmund and three of their children. The plaintiff further alleged that even after Margaret severed the attorney-client relationship, Van Winkle had a continuing duty of loyalty which required that he not use information against Margaret that he gained while in a position of trust and a continuing duty under the Illinois Rules of Professional Conduct to refrain from representing others who held positions materially adverse to Margaret's position.

¶ 8 The plaintiff claimed that as a proximate cause of Van Winkle's breach of his professional duties, Margaret was deprived of any opportunity to file a lawsuit and offer her testimony to contest the claim that there was an oral contract to not make a will. The plaintiff also claimed that the Estate was injured in that it had expended considerable sums of money defending against the claims brought by the disinherited children in the probate case and that it would continue to incur expenses into the future, that the Estate had been exposed to a potential judgment that would be contrary to Margaret's testamentary intent, and that the Estate was subject to a counterclaim in the farm operations case that would substantially reduce the Estate's interest in the Bickett farming

4

LLCs. The plaintiff sought compensatory damages and further relief as the circuit court deemed just.

¶ 9    The plaintiff brought a second count against Van Winkle in the alternative for "fiduciary fraud – fraudulent concealment." The plaintiff alleged that Van Winkle knew that Margaret had not entered into an oral contract not to make a will, that he purposely concealed his intent to claim that Margaret had entered into a legally binding oral contract not to make a will, and that he waited until Margaret died to consult with and advise the disinherited children that the oral agreement existed, with a further intent to deprive Margaret of any opportunity to rebut Van Winkle's false claims. The plaintiff further alleged that as a proximate cause of Van Winkle's fraudulent concealment and breach of his fiduciary duties, Margaret was deprived of an opportunity to file a lawsuit and offer testimony to contest the existence of an oral contract to not make a will, and the Estate suffered the same injuries as alleged in count I. In the prayer for relief as to count II, the plaintiff sought compensatory damages and a hearing on a potential claim for punitive damages.

¶ 10    On December 8, 2023, Van Winkle filed a motion to dismiss the complaint or stay the proceedings pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). Van Winkle claimed that the plaintiff's cause of action was premature. He argued that the circuit court could not assess the alleged legal malpractice claim until a judicial determination was made in the underlying litigation related to the existence and enforceability of the alleged oral contract, its impact on the will, if any, and the measure of damages. Van Winkle further argued that the action should be dismissed without prejudice, or in the alternative, stayed pending the resolution of the underlying probate litigation.

¶ 11    On January 4, 2024, the plaintiff filed a response in opposition to Van Winkle's motion. The plaintiff argued that the pending action against Van Winkle was not premature, reasoning that

the Estate had already incurred significant legal fees defending against the will contest, that those legal expenses were incurred as a direct result of Van Winkle's neglect, and that if the pending action was dismissed, the Estate would lose any ability to recover those legal expenses if the underlying will contest litigation was not concluded within the next two years due to the running of the statute of limitations. The plaintiff requested a limited stay of the trial proceedings until a judgment was entered in the underlying will contest. The plaintiff argued that a stay of discovery was not necessary because the discovery would be relevant in both the pending action and the will contest.

¶ 12    In reply, Van Winkle argued that the provisional legal malpractice claim should be dismissed without prejudice because the expenditure of attorney fees alone was not sufficient to establish damages attributable to former counsel's neglect. In a footnote, Van Winkle indicated that if the case reached the responsive pleadings stage, he intended to raise "the six-month statute of repose as a bar to recovery pursuant to 735 ILCS 5/13-214.3 and 755 ILCS 5/8-1(a)." Van Winkle noted that the plaintiff's justification for a limited stay with discovery was that it would make the discovery process in the underlying probate action more convenient for plaintiff. Van Winkle argued that this was not a proper basis upon which to grant the plaintiff's request to stay the trial proceedings and permit discovery. Van Winkle reiterated his request for a dismissal of the plaintiff's case as premature or a stay of the proceedings. In a sur-reply, the plaintiff claimed that his action against Van Winkle contained two counts and that count II was based on fraud, not legal malpractice. The plaintiff argued that the fraud count was a separate cause of action, with distinct elements of proof, and that it should not be dismissed as premature. The plaintiff also reasserted his arguments that the legal malpractice count was not premature and that a dismissal of the

6

complaint would put the plaintiff at risk of having certain claims barred by the statute of limitations.

¶ 13    On February 15, 2024, the circuit court held a hearing on Van Winkle's motion and took the matter under advisement. In an order entered October 24, 2024, the circuit court found that the plaintiff's action against Van Winkle was premature because two cases related to the administration of Margaret's estate remained pending and unresolved. The court dismissed the plaintiff's complaint "without prejudice until the underlying litigation is fully resolved" and denied the motion to stay as moot. This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    Initially, we address our jurisdiction to decide this appeal. Generally, the appellate court's jurisdiction is limited to a review of final judgments, absent a statutory exception or a supreme court rule. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). In this case, the circuit court dismissed the plaintiff's complaint without prejudice until the underlying litigation was fully resolved and denied the motion to stay as moot. Because the order of dismissal was without prejudice to refiling, the order was not a final adjudication that terminated the litigation. However, the order also denied the request to stay the proceedings until the underlying estate litigation was resolved. Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) provides that an appeal may be taken from an interlocutory order of the circuit court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." An order granting or denying a motion to stay proceedings pending the resolution of a related matter is injunctive in nature and reviewable under Rule 307(a)(1). *Health Care Service Corp. v. Walgreen Co.*, 2023 IL App (1st) 230547, ¶ 17; *TIG Insurance Co. v. Canel*, 389 Ill. App. 3d 366, 371 (2009). Therefore, we have jurisdiction to consider the circuit court's order denying a stay of the proceedings.

¶ 16    The circuit court's decision to grant or deny a motion to stay the proceedings is reviewed for an abuse of discretion. *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 67 (2007). Under the abuse-of-discretion standard, a reviewing court does not decide whether it agrees with the circuit court's decision but instead determines whether the circuit court " 'acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.' " *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594-95 (1991) (quoting *In re Marriage of Aud*, 142 Ill. App. 3d 320, 326 (1986)). The only question before the reviewing court on interlocutory appeal is whether there was a sufficient showing made to the circuit court to sustain its order granting or denying the relief sought. *Estate of Bass*, 375 Ill. App. 3d at 67. A reviewing court looks to the sufficiency of the evidence for the limited purpose of ascertaining whether the circuit court abused its discretion in entering the interlocutory order, and not for purposes of determining controverted rights or deciding the merits of the case. *Estate of Bass*, 375 Ill. App. 3d at 67-68.

¶ 17    A stay order serves to preserve the status quo existing on the date of its entry and does not address the merits of the underlying dispute. *Health Care Service Corp.*, 2023 IL App (1st) 230547, ¶ 21; *Estate of Bass*, 375 Ill. App. 3d at 68. The circuit court may stay the proceedings as part of its inherent authority to control the disposition of the cases on its docket. *Estate of Bass*, 375 Ill. App. 3d at 68. In determining whether to stay the proceedings, the circuit court may consider factors such as the orderly administration of justice and judicial economy. *Estate of Bass*, 375 Ill. App. 3d at 68. The party requesting the stay has the burden to show that the benefits of a stay outweigh any harm to the party against whom it is operative, and if there is a fair possibility that the stay will damage the opposing party, the party seeking the stay must make a clear showing

of hardship or inequity from being required to go forward with the case. *Health Care Service Corp.*, 2023 IL App (1st) 230547, ¶ 21; *Zurich Insurance Co.*, 213 Ill. App. 3d at 595.

¶ 18    Illinois courts have noted that a cause of action for legal malpractice " 'will rarely accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which plaintiff has become entangled due to the purportedly negligent advice of his attorney.' " *Estate of Bass*, 375 Ill. App. 3d at 68 (quoting *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 356 (1998)). While sound policy reasons, such as judicial economy and the prevention of inconsistent verdicts, may support the dismissal of a legal malpractice action without prejudice as premature in some cases, a dismissal without prejudice is not the circuit court's only option. Factors of judicial economy and the orderly administration of justice also support a decision to grant a stay in certain cases. *Estate of Bass*, 375 Ill. App. 3d at 69.

¶ 19    In this case, the legal malpractice action and the underlying probate and farm operations cases were all filed in the circuit court in Gallatin County. The record indicates that both plaintiff and Van Winkle were willing to accept a stay of the legal malpractice proceedings, although they disagreed about whether discovery should proceed simultaneously with the underlying actions. Thus, judicial economy and the orderly administration of justice would be served by a stay of the legal malpractice case until there is a judicial determination of the underlying proceedings. The circuit court's order of dismissal, however, does not directly address the parties' arguments or discuss the relevant factors regarding a stay. In addition, there is no indication that a stay would pose a hardship on Van Winkle. Van Winkle is on notice of the plaintiffs' claims against him and he can take necessary steps to preserve evidence and ensure that the passage of time does not prejudice his ability to mount a defense. Further, a stay would permit the circuit court and the parties to monitor the underlying proceedings and to lift the stay, without undue delay, when a

9

judicial determination has been made on the underlying claims. Under the unique circumstances presented in this case, we find that the circuit court's decision to deny the request for a stay was an abuse of discretion.

¶ 20    Accordingly, the circuit court's order of October 24, 2024, dismissing the plaintiff's complaint without prejudice and denying the motion to stay is vacated, and the cause is remanded to the circuit court with directions to grant the motion to stay the proceedings pending a resolution of the contested probate proceedings.

¶ 21    Order vacated; cause remanded with directions.