# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Cullinan v. Fehrenbacher*, 2012 IL App (3d) 120005

---

| | |
|---|---|
| Appellate Court Caption | STEPHEN A. CULLINAN, Plaintiff-Appellee, v. CLAUDIA E. FEHRENBACHER, Executor of the Estate of Richard G. Fehrenbacher, Deceased, and FEHRENBACHER and FEHRENBACHER, P.C., an Illinois Corporation, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-12-0005 |
| Filed | June 4, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a legal malpractice action against the estate of a deceased attorney and his law firm, the trial court did not abuse its discretion in denying defendants' motion to stay the case pending the resolution of several other cases between plaintiff and his deceased wife's estate and living trust, notwithstanding defendants' contentions that plaintiff's claim of "actual damages" was speculative and that the outcome of the malpractice action depended on the resolution of the actions against the wife's estate and trust, since the trial court did not set the case for trial, it merely denied a stay, and in recognition of the interrelated nature of the issues in the cases, attempted to coordinate the cases' discovery. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 09-L-400; the Hon. Scott A. Shore and the Hon. Stephen Kouri, Judges, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | David B. Mueller (argued) and Brian A. Metcalf, both of Cassidy & Mueller, of Peoria, for appellants. |
| | |
| | Dean B. Rhoads, Robert H. Rhode (argued), and Edward F. Sutkowski, all of Sutkowski & Rhoads Ltd., of Peoria, and Burt L. Dancey, of Elliff, Keyser, Oberle & Dancey, P.C., of Pekin, for appellee. |
| | |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Justices O'Brien and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiff, Dr. Stephen A. Cullinan, sued the defendants, law firm Fehrenbacher & Fehrenbacher, P.C., and Claudia E. Fehrenbacher, who is the executor of the estate of deceased attorney Richard G. Fehrenbacher, alleging legal malpractice. During pretrial matters, the defendants filed, *inter alia*, a motion to stay the case pending the resolution of several other cases between the plaintiff and his deceased wife's estate and living trust. After a hearing, the circuit court denied the defendants' motion to stay. On appeal, the defendants argue that the court erred when it denied the motion to stay essentially because the plaintiff failed to establish that he suffered "actual damages." We affirm.

¶ 2                                    FACTS

¶ 3    Before they married in 1995, the plaintiff and Theresa Falcon entered into an antenuptial agreement in which they agreed upon a certain distribution of assets in the event of divorce or death.

¶ 4    In 2007, Theresa was diagnosed with cancer. In 2008, attorney Richard G. Fehrenbacher was retained regarding estate planning, which resulted in the preparation of numerous documents, including a joint trust agreement and several amendments thereto. Theresa died in 2009.

¶ 5    In December 2009, the plaintiff filed this action against attorney Fehrenbacher and his law firm, alleging legal malpractice, and claiming injuries in excess of $50,000, including the loss of certain assets to Theresa and her living trust. Shortly thereafter, the plaintiff also filed actions against Theresa's estate and her living trust, claiming, *inter alia*, that Theresa breached the antenuptial agreement. The plaintiff alleged that he suffered injuries in excess of $50,000, including the loss of certain assets to Theresa and her living trust.

¶ 6    Numerous pretrial motions were filed in this legal malpractice action, including the defendants' motion for summary judgment, which the circuit court denied. After the court

also denied the defendants' motion for reconsideration or, alternatively, dismissal without prejudice, the defendants filed a motion to stay the action. Throughout these motions, the defendants argued that the plaintiff's claim of "actual damages" was purely speculative, as the outcome of the legal malpractice action depended on the resolution of the actions against Theresa's estate and living trust.

¶ 7        After a hearing on the motion to stay, the court initially stated that it was going to stay the trial but allow discovery to proceed:

> "Balancing the interests of the parties and the law applicable, it's the finding of this Court that the ultimate determination of this case, Cullinan v. Fehrenbacher, should be stayed, that the case should not go to trial until such time as these other issues, mitigate damages or even relieve the defense of liability, can be resolved. However, it would also appear that the very same issues are going to be subject to discovery in what's been termed the estate litigation vis-a-vis the legal malpractice litigation, and, therefore, it's my determination that the parties can and should be permitted to participate in all discovery having to do with all issues pertaining to the ultimate conclusion of the estate litigation as well as the legal malpractice litigation.
>
> I'm only entering this ruling though in the context of the legal malpractice litigation because that is the only case that is before me at this time. The ultimate result is that trial is indefinitely stayed and cannot be set until such time as there is a determination by a judge that the resolution of the estate litigation has been brought to its final resolution or sufficiently final resolution to permit a quantification of the damages to which a plaintiff would be entitled in this legal malpractice litigation if liability is shown and that discovery is not stayed giving the parties an opportunity to participate in all pending discovery."

However, defense counsel contended that the defendants' motion was not severable; that it was requesting the action to be stayed in its entirety, including discovery. After a brief discussion with defense counsel, the court decided to deny the motion to stay in its entirety. The defendants then filed this interlocutory appeal.

¶ 8                          ANALYSIS

¶ 9        On appeal, the defendants argue that the circuit court erred when it denied the motion to stay essentially because the plaintiff failed to establish that he suffered "actual damages." The defendants contend that the question of whether the plaintiff has sustained "actual damages" in this case cannot be answered until the other pending cases between the plaintiff and Theresa's estate and living trust are resolved.[1]

---

[1]We note that the plaintiff initially questions whether we have jurisdiction on appeal. We hold that we do in fact have jurisdiction over the circuit court's denial of the motion to stay under Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010). See *Aventine Renewable Energy, Inc. v. JP Morgan Securities, Inc.*, 406 Ill. App. 3d 757, 759-60 (2010). We also note that the plaintiff argues that the defendants have waived this issue for review because they turned down the circuit court's inclination to stay the trial but allow discovery to proceed. In that regard, we note that waiver

-3-

¶ 10    "A circuit court *may* stay proceedings as part of its inherent authority to control the disposition of cases before it." (Emphasis added.) *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 68 (2007). Factors to be considered in reaching a decision on a motion to stay include the orderly administration of justice and judicial economy. *Estate of Bass*, 375 Ill. App. 3d at 68. We will not disturb a circuit court's decision on a motion to stay unless that decision constituted an abuse of discretion. *Aventine*, 406 Ill. App. 3d at 760. An abuse of discretion occurs if the court " 'acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.' " *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 595 (1991) (quoting *In re Marriage of Aud*, 142 Ill. App. 3d 320, 326 (1986)).

¶ 11    In this case, the circuit court was initially going to stay the case but allow discovery to continue. In its analysis, the court noted that the issues between the legal malpractice and estate actions were interrelated, and it sought to coordinate the cases' discovery. It is true that the resolution of this case will be impacted by the resolution of the other pending cases. However, even though the trial in this case was not stayed, the court did not set the case for trial, either.

¶ 12    This case is not before us to decide whether the circuit court erred when it found that the complaint's claim for "actual damages" was sufficient to allow the case to proceed. By denying the defendants' motion for summary judgment, the court has already decided that this case can proceed. Rather, this case is before us to review the propriety of the court's discretionary act of denying a motion to stay. By denying that motion, all the court has done to this point is ruled that discovery can take place. Given the aforementioned interrelated issues between the legal malpractice and estate actions, we cannot say that the court abused its discretion when it denied the defendants' motion to stay.

¶ 13                                                  CONCLUSION

¶ 14    The judgment of the circuit court of Peoria County is affirmed.

¶ 15    Affirmed.

---

is a limitation on the parties rather than the reviewing court (*Van Gelderen v. Hokin*, 2011 IL App (1st) 093152, ¶ 26), and even if we did agree with the plaintiff, we would still choose to address the merits of the defendants' argument.