# Illinois Official Reports

## Appellate Court

*Pekin Insurance Co. v. Johnson-Downs Construction, Inc.*, 2017 IL App (3d) 160601

| | |
|---|---|
| Appellate Court Caption | PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. JOHNSON-DOWNS CONSTRUCTION, INC., an Illinois Corporation; CINCINNATI INSURANCE COMPANY, a Foreign Insurance Corporation; and JEFF BARNETT, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-16-0601 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed<br>Supplemental<br>opinion filed | May 25, 2017<br><br>July 6, 2017<br>July 6, 2017<br><br>November 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-MR-962; the Hon. John Anderson, Judge, presiding. |
| Judgment | Reversed and remanded with directions.<br>Costs allowed. |
| Counsel on Appeal | Robert Marc Chemers, Jonathan L. Federman, and Peter G. Syregelas, of Pretzel & Stouffer, Chtrd., of Chicago, for appellant.<br><br>David E. Schroeder, of Tribler Orpett & Meyer, P.C., of Chicago, for appellees. |

| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Carter and O'Brien concurred in the judgment and opinion.<br>Justice O'Brien also dissented upon filing of a supplemental opinion, with opinion. |
|---|---|

**OPINION**

¶ 1     Defendant Johnson-Downs Construction, Inc. (Johnson-Downs), entered into a construction contract with Art's Landscaping, Inc. (Art's). Jeff Barnett, an Art's employee, was injured at the site and sued Johnson-Downs for construction negligence. Pekin Insurance Company (Pekin) filed a declaratory judgment action in Will County circuit court claiming it did not have a duty to defend Johnson-Downs as an additional insured under Art's insurance policy. Johnson-Downs filed a motion to stay the action pending the resolution of the underlying case, which the trial court granted. Pekin appeals, arguing (1) the trial court's grant of the motion to stay was an abuse of discretion, (2) the trial court cannot consider Johnson-Downs's third amended complaint in its determination, and (3) the trial court cannot consider Barnett's amended complaint in its determination. We reverse and remand with directions.

¶ 2                                    FACTS

¶ 3     Defendant Johnson-Downs entered into a contract with Art's, in which Art's would perform work on the construction of an addition to the Riverside Hospital in Kankakee, Illinois. Section 13.4 of the contract stated that Art's was required to name Johnson-Downs as an additional insured on its liability insurance policy. Art's had an insurance policy through Pekin Insurance Company. The relevant portion of the policy regarding additional insured states:

> "ADDITIONAL INSURED—
> OWNERS, LESSEES OR CONTRACTORS—
> WHEN REQUIRED IN CONSTRUCTION
> AGREEMENT WITH YOU
> PRIMARY AND NONCONTRIBUTORY
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> 1. Section II—Who Is An Insured is amended to include as an insured any person or organization for whom you are performing operations, when you and such person or organization have agreed in a written contract effective during the policy period stated on the Declarations Page (hereinafter referred to as the 'Policy Period') and executed prior to the 'bodily injury' or 'property damage' for which coverage is sought, that you must add that person or organization as an additional insured on a policy of liability insurance (hereinafter referred to as the 'Additional Insured').

*The Additional Insured is covered only with respect to vicarious liability for 'bodily injury' or 'property damage' imputed from You to the Additional Insured as a proximate result of your ongoing operations performed for that Additional Insured during the Policy Period.*" (Emphasis added.)

¶ 4    In October 2011, Jeff Barnett, an Art's employee, was injured while driving a front end loader at the construction site. Barnett filed a suit against Johnson-Downs alleging construction negligence and premises liability. At the time, Johnson-Downs was the only named defendant. Cincinnati Insurance Company, Johnson-Downs's insurer, tendered the complaint to Pekin for a defense and indemnification. Since May 2013, Pekin has defended Johnson-Downs under its reservation of rights.

¶ 5    In March 2014, Johnson-Downs filed a third-party complaint against Art's, alleging Art's was negligent and, as a result, liable for Barnett's injuries. In April 2016, Pekin sought a declaratory judgment claiming that (1) Johnson-Downs does not have any rights under the certificate of insurance, (2) Johnson-Downs has failed to bring a claim in which Pekin has a duty to defend, and (3) Pekin is entitled to recovery for defense cost. Johnson-Downs filed a response and motion to stay the declaratory judgment pending the resolution of the underlying case. In its motion to stay, Johnson-Downs alleged that count II of Pekin's declaratory judgment would result in the trial court determining an issue of ultimate fact in violation of the *Peppers* doctrine. See *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187 (1976).

¶ 6    In July 2016, Barnett filed an amended complaint in the underlying case breaking the construction negligence claim into two separate counts: direct construction negligence and vicarious construction negligence. In Johnson-Downs's reply to the motion to stay, it requested that the trial court consider Barnett's amended complaint and Johnson-Downs's third-party complaint when ruling on the motion. In September 2016, the trial court granted the motion to stay the declaratory judgment pending the resolution of the underlying claim.

¶ 7                                                      ANALYSIS
¶ 8                                                  I. Motion to Stay
¶ 9    Pekin argues that the trial court abused its discretion when it granted Johnson-Downs's motion to stay because the declaratory judgment did not involve a determination of ultimate fact in the underlying case.

¶ 10    A circuit court may grant a motion to stay as part of its inherent authority to control the disposition of cases before it. *Cullinan v. Fehrenbacher*, 2012 IL App (3d) 120005, ¶ 10. The court should consider certain factors including the orderly administration of justice and judicial economy when making its determination. *Id.* We will not disturb a circuit court's decision on a motion to stay absent an abuse of discretion. *Id.* An abuse of discretion occurs if the court "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." (Internal quotation marks omitted.) *Id.*

¶ 11    Under the *Peppers* doctrine, it is inappropriate for a court to make a determination on an issue of ultimate fact critical to the underlying case. See *Peppers*, 64 Ill. 2d at 197. Specifically, any determination of ultimate facts upon which liability or recovery might be found in an underlying case is precluded from review. *Landmark American Insurance Co. v. NIP Group, Inc.*, 2011 IL App (1st) 101155, ¶ 59.

¶ 12    In *Peppers*, our supreme court held that the trial court's ruling that the injury was intentional was one of ultimate fact that could bind the parties to the underlying litigation. *Peppers*, 64 Ill. 2d at 196-97. In *Canel*, the First District ruled that determining whether Canel Associates knew or should have known that a claim would be made before the insurance policy took effect was an "ultimate fact[ ] upon which recovery is predicated in the underlying action." *TIG Insurance Co. v. Canel*, 389 Ill. App. 3d 366, 374 (2009). Our court in *Pittington* held that Pittington's argument that injury was not expected, anticipated, or intended is not one of ultimate fact because the "underlying tort suit is based solely on theories of negligence." *Metropolitan Property & Casualty Insurance Co. v. Pittington*, 362 Ill. App. 3d 220, 229 (2005). In *NIP Group*, the First District ruled that determining whether faxes are covered under the insurance policy was not an issue of ultimate fact when the nature and extent of the faxes were not a deciding factor in the underlying case. *Landmark American Insurance Co. v. NIP Group, Inc.*, 2011 IL App (1st) 101155, ¶ 61.

¶ 13    In Johnson-Downs's motion to stay, it requested that the trial court stay Pekin's declaratory judgment action because Pekin's count II allegation presents an issue of ultimate fact critical to the underlying case. Count II claims that Pekin does not owe a duty to defend Johnson-Downs because the insurance policy states that an additional insured is only covered for vicarious liability claims and the underlying complaint lacks such allegations. Without specifying its reasons, the trial court granted Johnson-Downs's motion to stay. Assuming *arguendo* that the trial court's ruling is based on the argument presented by Johnson-Downs in its motion to stay, the trial court can make a determination of whether the complaint contains any allegations of vicarious liability that Pekin has a duty to defend by comparing the complaint to the language in the insurance policy. This can be decided without examining the extent of Johnson-Downs's supervisory control over Art's alleged negligent acts and, ultimately, determining whether Johnson-Downs is in fact vicariously liable. Thus, we find that the trial court abused its discretion in granting the motion to stay and the declaratory judgment action can proceed to resolution prior to the conclusion of the underlying suit. Accordingly, we reverse and remand for a hearing on and resolution of the declaratory judgment action. We continue our analysis to determine whether the trial court can consider Johnson-Downs's third-party complaint and Barnett's amended complaint in its duty to defend determination.

¶ 14                                II. Third-Party Complaint

¶ 15    Pekin argues that Johnson-Downs's third-party complaint against Barnett cannot be considered by the trial court in its determination because the complaint was prepared by a putative additional insured seeking coverage under the policy in violation of case law.

¶ 16    A trial court may consider evidence beyond the underlying complaint, including a third-party complaint. *Pekin Insurance Co. v. United Contractors Midwest, Inc.*, 2013 IL App (3d) 120803, ¶ 29 (citing *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 458-62 (2010)). However, there are exceptions that prohibit the review of third-party complaints. See *Wilson*, 237 Ill. 2d at 459 ("a circuit court may, *under certain circumstances*, look beyond the underlying complaint in order to determine an insurer's duty to defend" (emphasis added)). In *DePaul University*, the First District determined that a putative additional insured is not allowed to bolster its claim of coverage by referencing its own third-party complaint. *American Economy Insurance Co. v. DePaul University*, 383 Ill. App. 3d 172, 180 (2008). The First District in *National Fire* also determined that a putative additional insured could not

reference his third-party complaint as a way to bolster coverage under the insurance policy. *National Fire Insurance of Hartford v. Walsh Construction Co.*, 392 Ill. App. 3d 312, 322 (2009). Following the guidance of *DePaul University* and *National Fire*, our court in *United Contractors* declined to consider the putative additional insured's third-party complaint where the additional insured filed the complaint after the declaratory action, demonstrating potential self-serving evidence. *Pekin Insurance Co. v. United Contractors Midwest, Inc.*, 2013 IL App (3d) 120803, ¶¶ 29-32.

¶ 17    Here, Johnson-Downs, the putative additional insured and the author of the third-party complaint, is requesting the trial court to consider its own complaint in the trial court's determination of Pekin's duty to defend. As in *DePaul University*, *National Fire*, and *United Contractors*, Johnson-Downs cannot present its own complaint to bolster its position that a claim of vicarious liability is present in the underlying case. Therefore, we instruct the trial court not to consider Johnson-Downs's third-party complaint in its determination of Pekin's duty to defend.

¶ 18                                    III. Amended Complaint

¶ 19    Pekin argues that Barnett's amended complaint was a transparent attempt to plead into coverage and, therefore, should not be considered in the trial court's determination. Johnson-Downs alleges Illinois law does not prohibit a pleading that potentially triggers coverage when the facts support a cause of action.

¶ 20    We agree with Johnson-Downs. In Illinois, a pleading is not a transparent attempt to plead into coverage when the facts support a cause of action. See *American Family Mutual Insurance Co. v. Guzik*, 406 Ill. App. 3d 245, 248-49 (2010) (State Farm's argument that Guzik negligently failed to prevent fire from spreading was transparent attempt to plead into coverage when the factual allegations show Guzik's actions were not negligent); *Pekin Insurance Co. v. Dial*, 355 Ill. App. 3d 516, 522 (2005) (transparent attempt to plead into coverage where the factual allegations show a course of conduct that was clearly intentional and not merely negligent or accidental conduct that falls within the insurance policy); *USAA Casualty Insurance Co. v. McInerney*, 2011 IL App (2d) 100970, ¶ 26 ("the Cyrs properly alleged an alternative theory of recovery and there is no indication that the claim for negligent misrepresentation was a transparent attempt to trigger insurance coverage").

¶ 21    In this case, the amended complaint alleges that Art's failure to maintain equipment and working conditions resulted in Barnett's injuries and that Johnson-Downs, as the general contractor, exercised control over Art's such that Johnson-Downs was liable for Art's negligent acts and omissions. The insurance policy covers claims of vicarious liability imputed to Johnson-Downs as a proximate result of Art's acts or omissions in its performance for Johnson-Downs. We believe the factual allegations in the amended complaint state a vicarious liability claim that falls within the coverage of the insurance policy, and therefore, Barnett's amended complaint was not an improper or unsupported attempt to plead into coverage. Moreover, the facts supporting the amended claim were present in an undifferentiated form in Barnett's original complaint. Accordingly, we instruct the trial court that it may consider Barnett's amended complaint in its duty to defend determination.

¶ 22                                     CONCLUSION

¶ 23      The judgment of the circuit court of Will County is reversed and remanded with directions.

¶ 24      Reversed and remanded with directions.

¶ 25                         SUPPLEMENTAL OPINION

¶ 26                                    FACTS

¶ 27      As a preliminary matter, we adopt all facts and holdings of our decision on the merits, which was set forth in our previous opinion, filed July 6, 2017.

¶ 28      On July 28, 2017, plaintiff Pekin Insurance Company filed a motion to tax costs against defendants Johnson-Downs Construction, Inc., and Cincinnati Insurance Company pursuant to Illinois Supreme Court Rule 374 (eff. Feb. 1, 1994), requesting costs in the amount of $1587.46. Plaintiff contends that, because our court reversed the lower court's ruling in the decision above, it is entitled to costs under Illinois Supreme Court Rule 374(b)(2), (3), (5) (eff. Feb. 1, 1994) for the following: (1) a $50 docketing fee, (2) $287.25 for the preparation of the record on appeal, (3) $663.21 for professional printing of its appellant brief, and (4) $587 for professional printing of its reply brief. Defendants filed objections to the motion.

¶ 29                              ANALYSIS

¶ 30      An amendment to Rule 374 became effective July 1, 2017. In its motion, plaintiff cited the former version of the rule; however, it filed the motion after the amendment's effective date. We review plaintiff's motion under the newly amended version.

¶ 31      Rule 374 states, in relevant part:

> "(a) Except as otherwise provided by law *** if a judgment is reversed, costs shall be taxed against the appellee unless excused by the court for good cause shown ***.
>
>     (b) The following costs are taxable:
>
>         (1) filing fees paid to the clerk of the reviewing court;
>
>         (2) appearance fees in the reviewing court;
>
>         (3) the fee paid to the clerk of the trial court (but not to court reporter) for the preparing the record on appeal; and
>
>         (4) the actual and reasonable cost of printing or otherwise producing duplicate paper copies of documents authorized by these rules (the cost of including unnecessary matters or arguments may be disallowed as costs)." Ill. S. Ct. R. 374(a), (b) (eff. July 1, 2017).

¶ 32      We reversed the trial court's decision above, and plaintiff's requested costs are taxable under Rule 374(b). Thus, we find plaintiff is entitled to costs taxed against defendants.

¶ 33      Defendants argue that Rule 374 is inapplicable and cite *In re D.D.*, 337 Ill. App. 3d 998 (2002), to support their contention that an interlocutory order, such as the subject of appeal in this case, is not a judgment as contemplated in the rule. Defendants further contend plaintiff is only entitled to costs if this court reversed a final judgment. We disagree.

¶ 34      In the instant case, plaintiff filed an appeal from an interlocutory order pursuant to Illinois Supreme Court Rule 307 (eff. Feb. 1, 2010). This court reversed the trial court's order staying

proceedings on plaintiff's motion for declaratory judgment. Rule 374 permits costs against defendants if the judgment is reversed unless good cause is shown. Ill. S. Ct. R. 374(a) (eff. July 1, 2017). Illinois Supreme Court Rule 2(b)(2) (eff. July 1, 2017) states the term " '[j]udgment' also includes decree, determination, decision, order, or portion thereof." Therefore, we determine an interlocutory order constitutes a judgment under Rule 374.

¶ 35 Also, defendants contend it would be unjust to order costs to plaintiff because it ultimately prevailed on the substance of the underlying claim. We do not believe defendants' argument shows good cause to excuse the implementation of costs against them. The rule states that if a judgment is reversed, costs must be taxed against the appellee. Ill. S. Ct. R. 374(a) (eff. July 1, 2017). Here, the decision was reversed, and therefore, costs must be taxed against defendants as the appellees. Accordingly, we hold costs in the amount of $1587.46 must be taxed against defendants.

¶ 36 Costs allowed.

¶ 37 JUSTICE O'BRIEN, dissenting:

¶ 38 Although I concur with the original published opinion, I write to dissent from the majority's supplemental opinion granting Pekin's motion for costs under Rule 374. Under the plain language of Rule 374, costs shall be taxed against the losing party unless excused by the court for good cause shown. Ill. S. Ct. R. 374(a) (eff. July 1, 2017). In this case, where the appellees were granted a stay in the lower court, which was reversed on appeal, but then the appellees prevailed on the underlying claim in the lower court, I believe that good cause has been shown such that costs should be excused under the rule.