2025 IL App (1st) 250362-U
Order filed: September 30, 2025

FIRST DISTRICT
THIRD DIVISION

No. 1-25-0362

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DIANE FOWLER, individually and on behalf of a class of similarly situated individuals, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | 2024 CH 1610 |
| SCHMIDT ADVISORY SERVICES, INC., d/b/a Catalyst Wealth Management, SANFORD SCHMIDT, and JASON CLOTH, | ) ) ) ) ) | Honorable Thaddeus Wilson, Judge, presiding. |
| Defendants-Appellees. | ) | |

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Stay of a portion of this class action is vacated, and this matter is remanded for further proceedings, where circuit court abused its discretion in entering a stay that ignored recognized principles of law, including the *Peppers* doctrine.

¶ 2    Plaintiff-appellant, Diane Fowler, individually and on behalf of a class of similarly situated individuals, appeals from an order entering a stay of a portion of this class action lawsuit pending the resolution of a related declaratory judgment action involving insurance coverage for the claims at issue in this matter. For the following reasons, we vacate the stay entered by the circuit court and remand for further proceedings.

¶ 3    On March 5, 2024, plaintiff filed the instant action against defendants-appellees, Schmidt Advisory Services, Inc., d/b/a Catalyst Wealth Management, Sanford Schmidt (Schmidt), and Jason Cloth. The complaint generally alleged that defendants had engaged in a complex Ponzi-like scheme purporting to permit investors such as plaintiff to invest in various movie productions, ultimately leading plaintiff and a class of similarly situated individuals to be defrauded out of millions of dollars. The complaint sought to recover damages on behalf of this class of individuals and included claims against Schmidt and Cloth for fraudulent misrepresentation, violations of Illinois security laws, negligent misrepresentation, and unjust enrichment. Plaintiff immediately began investigating available insurance and Schmidt's ability to pay.

¶ 4    On June 4, 2024, plaintiff made a policy limits demand, demanding that Markel American Insurance Company ("MAIC") tender its $2,000,000 policy to the class. On June 9, 2024, Schmidt also sent MAIC a letter demanding that MAIC accept plaintiff's settlement demand and that it should do so before June 24, 2024. Having heard nothing from MAIC, after July 12, 2024, Schmidt sent MAIC another letter reiterating the importance of accepting plaintiff's demand. As of July 22, 2024, with no response whatsoever from MAIC, plaintiff withdrew her policy limits demand.

¶ 5    On August 9, 2024, MAIC filed a declaratory judgment action seeking a determination that MAIC does not owe a duty to defend or indemnify Schmidt in this lawsuit. The declaratory judgment action started in federal court, and has since spread to other forums, including a separate chancery action pending in the circuit court (*Markel American Insurance v. Sanford Schmidt, et al.*, Case No. 2024 CH 09499).

¶ 6    On September 20, 2024, plaintiff and Schmidt executed a settlement agreement that provided for the entry of judgment against Schmidt and an assignment to the class of his claims against MAIC. On September 24, 2024, plaintiff filed a motion for preliminary approval of the

settlement. On October 23, 2024, Cloth filed a motion to dismiss the claims against him, based in part on the argument that plaintiff lacked standing to sue him. On November 4, 2024, the circuit court granted preliminary approval of the settlement with Schmidt.

¶ 7    On February 20, 2025, the circuit court scheduled a hearing to address, *inter alia*, Cloth's motion to dismiss. At the conclusion of that hearing, the court entered an order that, *inter alia*, granted that motion to dismiss in part and denied it in part, and dismissed the claims against Cloth without prejudice. The order also granted plaintiff time to file an amended complaint "to address the deficiencies identified in this Order, including leave to add an additional or substitute Plaintiff class representative" as to the claims against Cloth and granted Cloth time to answer or otherwise plead to such an amended complaint. As to the claims against Schmidt, the order held as follows:

> "With respect to the class action against the Schmidt Defendants, the Final Approval Hearing set for March 10, 2025, is STRICKEN and that class action aspect of this case is stayed until further order of Court. Given that the Court has granted Plaintiff leave to amend the complaint to add or substitute class representative(s), the Court may need to modify the order approving the class, give notice to class members listing the appropriate class representative(s), review the grant of preliminary approval and any subsequent final approval. This is unless of course Plaintiff decides to stand on their original pleading, take an involuntary dismissal and then appeal. Furthermore, even after sorting through the technical points above, staying the Schmidt class action proceedings would not prejudice the Plaintiffs because the sole source of funds for class recovery hinges upon whether the Markel American policy that is the subject of *Markel American Insurance v. Sanford Schmidt, et. al.*, Case No. 2024 CH 09499, provides coverage for this case."

¶ 8    On February 26, 2025, plaintiff timely filed a notice of appeal.

¶ 9    We first note that, because a stay is injunctive in nature, we have jurisdiction to review the denial of a motion for a stay under Rule 307(a)(1) (eff. Nov. 1, 2017), which allows appeals from interlocutory orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." See *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 39. We also note that on August 15, 2025, we entered an order taking this case for consideration on plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (the reviewing court may decide a case on the appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 10    A circuit court may grant a motion for stay as part of its inherent authority to control the disposition of cases before it. *Cullinan v. Fehrenbacher*, 2012 IL App (3d) 120005, ¶ 10. The court should consider certain factors including the orderly administration of justice and judicial economy when making its determination. *Id*. We will not disturb a circuit court's decision on a motion for stay unless it abuses its discretion. *Id*. An abuse of discretion occurs if the court "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." (Internal quotation marks omitted.) *Id*.

¶ 11    Here, the circuit court ordered that portion of this matter involving the class action against Schmidt stayed until further order of the court. In doing so, the circuit court relied upon the fact that, (1) because it had granted plaintiff "leave to amend the complaint to add or substitute class representative(s), the Court may need to modify the order approving the class, give notice to class members listing the appropriate class representative(s), review the grant of preliminary approval and any subsequent final approval," and (2) "staying the Schmidt class action proceedings would

not prejudice the Plaintiffs because the sole source of funds for class recovery hinges upon whether the Markel American policy that is the subject of *Markel American Insurance v. Sanford Schmidt, et. al.*, Case No. 2024 CH 09499, provides coverage for this case." We find that the circuit court abused its discretion in entering a stay for the following reasons.

¶ 12    First, we fail to see why it is necessary to stay that part of this matter involving Schmidt due to the need to amend the complaint as to the claims against Cloth. This is especially so considering that the very same order set a defined schedule for the filing of an amended complaint and answer thereto. While the circuit court should consider the orderly administration of justice and judicial economy (*Fehrenbacher*, 2012 IL App (3d) 120005, ¶ 10), it is also the case that courts should "avoid piecemeal litigation." *Butler v. BRG Sports, LLC*, 2019 IL App (1st) 180362, ¶ 46. Allowing this matter to proceed only as to the claims against Cloth and not the claims against Schmidt invites rather than avoids piecemeal litigation.

¶ 13    More importantly, the circuit court's second justification—that "the sole source of funds for class recovery hinges upon whether the Markel American policy that is the subject of [the declaratory judgment action] provides coverage for this case"—reveals that it ignored recognized principles of law so that substantial prejudice will result from the stay. It has "long been understood that complaints for declaratory judgment must show that the issues of the case are not moot or premature, as courts should not 'pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events.' " *Stokes v. Pekin Insurance Co.*, 298 Ill. App. 3d 278, 281 (1998) (citing *Pincham v. Cunningham*, 285 Ill. App. 3d 780, 782 (1996)). As such, whether " 'the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it.' " *Czapski v. Maher*, 385 Ill. App. 3d 861, 867 (2008) (quoting *Outboard Marine Corp. v.*

*Liberty Mutual Insurance Co*., 154 Ill. 2d 90, 127 (1992)).

¶ 14    Furthermore, under the rule in *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 196 (1976), it is " 'generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation.' " (Internal quotation marks omitted.) *Sentry Insurance v. Continental Casualty Co*., 2017 IL App (1st) 161785, ¶ 43 (quoting *Landmark American Insurance Co. v. NIP Group, Inc*., 2011 IL App (1st) 101155, ¶ 59). "This proscription specifically precludes determination of any ultimate facts upon which liability or recovery might be predicated in the underlying case." *NIP Group*, 2011 IL App (1st) 101155, ¶ 59. Thus, it is an abuse of discretion for a trial court in a declaratory judgment action to make such a determination. *Peppers*, 64 Ill. 2d at 196; *Empire Fire & Marine Insurance Co. v. Clarendon Insurance Co*., 267 Ill. App. 3d 1022, 1027 (1994).

¶ 15    Staying any portion of this litigation in favor of first obtaining a determination of coverage in the declaratory judgment action—and perhaps a determination of ultimate facts—runs afoul of these well-recognized principles of law, putting the cart before the horse, and invites substantial prejudice to the parties. As such, this consideration cannot provide a solid justification for the stay ordered by the circuit court, reveals an abuse of discretion, and leads us to conclude that the stay must be vacated.

¶ 16    Finally, we briefly address two other arguments raised by plaintiff on appeal. First, plaintiff alternatively contends that the stay was improperly entered "because the Order was entered without notice or an opportunity to meaningfully respond in violation of due process." However, our decision above to grant plaintiff relief from the stay order on the merits renders this alternative argument moot, as when an "intervening event occurs making it impossible for a reviewing court to grant relief to any party, the case is rendered moot because a ruling on the issue cannot have

any practical effect on the controversy." *In re Tekela*, 202 Ill. 2d 282, 292-93 (2002).

¶ 17    Second, plaintiff also presents an argument on appeal challenging in part the circuit court's ruling as to plaintiff's standing. Specifically, plaintiff contends that the circuit court's order "muddled standing for the different claims and parties," claims that "[w]hether Fowler is a proper plaintiff to assert a securities fraud claim against Cloth is apples to oranges as to whether she is a proper party to settle a negligence claim against [Schmidt,]" and asserts that "there is no legitimate question that Fowler has standing to assert and settle her claims against the Schmidt Defendants for negligence. And, to the extent this was the Circuit Court's reason to stay final approval, it was an abuse of discretion and the settlement with no objections and no intervention should proceed to final approval expeditiously." We perceive two problems with this argument.

¶ 18    Initially, the discussion of standing in the circuit court's February 20, 2025, order solely involved its discussion of Cloth's motion to dismiss the claims against him alone. We see no evidence of muddling this discussion with any consideration or ruling on plaintiff's standing as to the claims against Schmidt.

¶ 19    Furthermore, this argument essentially invites this court to make a substantive ruling as to plaintiff's standing to assert the claims plead against Schmidt, a request that "overlooks the limited scope of review on a Rule 307(a)(1) appeal." *Postma v. Jack Brown Buick, Inc*., 157 Ill. 2d 391, 399 (1993). It is well recognized that "[w]here an interlocutory appeal is brought pursuant to Rule 307(a)(1), controverted facts or the merits of the case are not decided." *Bishop v. We Care Hair Development Corp*., 316 Ill. App. 3d 1182, 1189 (2000). Thus, Rule 307(a)(1) does not provide us with jurisdiction to review that portion of the circuit court's order ruling that plaintiff lacked standing as to the claims against Cloth or issue a ruling as to her standing to assert the claims plead against Schmidt, as "the rule may not be used as a vehicle to determine the merits of a plaintiff's

case." *Postma*, 157 Ill.2d at 399.

¶ 20    For the foregoing reasons, the stay granted by the circuit court is vacated, and this matter is remanded for further proceedings.

¶ 21    Stay vacated; cause remanded.